

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

May 27, 1964

Honorable W. C. Lindsey
Criminal District Attorney
Jefferson County Courthouse
Beaumont, Texas

Attention: James M. Farris,
Assistant

Dear Sir:

Opinion No. C- 258

Re:   Should a county clerk ac-
cept for recording in the
Deed Records a certified
copy from a court of record
upon which the Clerk of said
court has stamped the court
seal with a rubber stamp, and
related question.

        We are in receipt of your request for opinion from
this office wherein you propound the following two questions:

        "1.   Should a County Clerk accept for record-
ing in the Deed Records a certified copy from a
court of record upon which the clerk of said court
has stamped the court seal with a rubber stamp?

        "2.   Should a County Clerk accept for record-
ing in the Deed Records an instrument from a sister
state where the seal of the Notary Public has not
been affixed but merely stamped?"

        We shall proceed to answer your questions in order
as shown above.  Your request indicates that some county clerks
within this state have forwarded copies of documents certified
by them to your county clerk for filing where the court seal
was stamped on the copy with a rubber stamp rather than by im-
pressing the seal.  Articles 1948 and 1966 of Vernon's Civil
Statutes state as follows:

        "Art. 1948.  Shall use seal

        Where in any county a joint clerk shall have
been elected, he shall, <u>in performing the duties of
county clerk</u>, use the <u>seal of said court to authen-
ticate his official acts</u> as such clerk." (Emphasis
added.)

        "Art. 1966.  Seal of the court

        Each county court shall be provided with a seal,
<u>having engraved thereon</u> a star of five points in the

-1235-

center, and the words, 'County Court of ........ County, Texas,' the impress of which shall be attached to all process, except subpoenas, issued out of such court, and shall be used to authenticate the official acts of the clerk and of the county judge." (Emphasis added.)

Article 1966 in mandatory language requires the county clerk to impress the seal of the court on all processes in order to duly authenticate official acts. There is no provision for the use of a facsimile of the seal, such as a rubber stamp. We therefore advise you that a county clerk may properly refuse to accept a certified copy of an instrument from another court wherein the official seal of the court was not impressed.

In connection with your second question, we are advised that several instruments executed in California and New York have been sent to Jefferson County for recording in the Deed Records in which the notary public taking such acknowledgment used a rubber stamp which denoted his seal of office.

Article 6602, Vernon's Civil Statutes, specifically enumerates those officers, both within and without this State, who may take acknowledgments of instruments of writing for record in Texas. A notary public of another state may acknowledge instruments to be filed for record in Texas. Article 6603, V.C.S., requires that the notary, be he within or without Texas, affix his seal of office thereto as follows:

"The acknowledgment of an instrument of writing for the purpose of being recorded shall be by the grantor or person who executed the same appearing before some officer authorized to take such acknowledgment, and stating that he had executed the same for the consideration and purposes therein stated; and the officer taking such acknowledgment shall make a certificate thereof, sign and seal the same with his seal of office." (Emphasis added.)

Article 6606, V.C.S., states that:

"An officer taking the acknowledgment of a deed, or other instrument of writing, must place thereon his official certificate, signed by him and given under his seal of office, substantially in form as hereinafter prescribed." (Emphasis added.)

Article 6607, V.C.S., sets forth the form of the certificate

of acknowledgment, as follows:

"The form of an ordinary certificate of acknowledgment must be substantially as follows:

"'The State of _____,

"'County of _____,

"'Before me _____(here insert the name and character of the officer) on this day personally appeared _____, known to me (or proved to me on the oath of _____) to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

"(Seal) 'Given under my hand and seal of office this _____ day of _____, A.D., _____."
(Emphasis added.)

It is noted that in all of the above quoted articles, that where a seal is mentioned, it pertains to the seal of the particular notary public acknowledging the instrument. When a notary has placed his seal of office on the instrument of writing and has substantially complied with Article 6607, regarding the form of acknowledgment, the instrument should be accepted by a county clerk of Texas for recording in the Deed Records.

We therefore advise you that a county clerk should accept for recording in the Deed Records an instrument executed in a sister state where the notary public taking such acknowledgment used a rubber stamp to denote his seal of office if such rubber stamp is the notary's official seal in such state. If doubt exists as to the validity of such seal, the clerk may require that the seal of the notary public of such sister state be authenticated.

## SUMMARY

A county clerk should not accept for recording in the Deed Records a certified copy from another court of record where the seal of the court has not been affixed thereto.

A county clerk should accept for recording in the Deed Records an instrument from a sister

state where the seal of the notary public conforms with the requirements of such sister state.

Very truly yours,

WAGGONER CARR
Attorney General

By F. C. Jack Goodman

F. C. Jack Goodman
Assistant

FCJG/fb

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
George Black
Howard Fender
W. E. Allen

APPROVED FOR THE ATTORNEY GENERAL
By: Stanton Stone